UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA               :

   - against -                :      21 Cr. 692 (NRB)

JUAN FELIPE SANTIBANEZ CARDONA,

                  Defendant.    :

-------------------------------------------------------------------X

## SENTENCING MEMORANDUM OF LAW
## FOR JUAN FELIPE SANTIBANEZ CARDONA

John P. Buza
Konta, Georges, and Buza, P.C.
233 Broadway, Suite 701
New York, NY 10279
212-710-5166

*Attorney for Juan Felipe Santibanez Cardona*

Dated: New York, NY
       June 30, 2026

1

Konta, Georges, and Buza, P.C.
233 Broadway, Suite 701
New York, NY 10279
212-710-5166 (Tel.)
212-710-5162 (Fax)
johnpbuza@aol.com

June 30, 2026

**VIA ECF AND MAIL**
The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

       Re: **United States v. Juan Felipe Santibanez Cardona,**
           **21 Cr. 692 (NRB)**

Dear Judge Buchwald:

   Juan Felipe Santibanez Cardona respectfully submits this memorandum in advance of resentencing to supplement his prior submission (ECF No. 105) in this matter.  He also seeks to inform the Court about all the positive things he has done to improve himself since his prior sentencing.  Since his original sentence on November 26, 2024, Mr. Santibanez Cardona has embraced intensive rehabilitation, education, work, and pro-social services within the Bureau of Prisons.  His record reflects sustained sobriety, meaningful treatment engagement, excellent work performance, college-level academic progress, and structured wellness programming.  Moreover, he has shown consistent support towards fellow inmates.

   These developments demonstrate genuine rehabilitation and strongly support a sentence of five years' incarceration which I respectfully submit is sufficient but not greater than necessary to serve the goals of 18 U.S.C. § 3553(a).

   As mentioned in the previous sentencing submission (ECF No. 105), the evidence suggests that Mr. Santibanez Cardona has a significant drug history.[1]  I previously argued that at its core, Mr. Santibanez Cardona's involvement in the instant conspiracy stems from poor decision making due to drug abuse.  I also argued that even though Mr. Santibanez Cardona was involved in an international narcotrafficking conspiracy, his role was more similar to that of a local junkie whose involvement in criminal activity stems from drug addiction.  I also cited Mr. Santibanez Cardona's heroic role in saving a female corrections officer from a vicious attack

---

[1]  Presentence Investigation Report Paragraph 73 hereinafter "PSR ¶ 91."

while he was incarcerated at MDC.  I write to reiterate all those points because they are central to understanding who Mr. Santibanez Cardona is at his core.  I also write to give the Court tangible evidence of Mr. Santibanez Cardona's continued rehabilitation since his incarceration.

## MR. SANTIBANEZ CARDONA'S CONTINUED REHABILITATION

Since his initial sentencing in this matter, Mr. Santibanez Cardona has completed multiple psychology-led cognitive and behavioral workshops at MDC.[2]  Namely, he completed three months of weekly Strategies for Change counseling in the Non-Residential Drug Abuse Program with a certificate dated Feb. 7, 2025.[3]  He also engaged in financial literacy programming by completing "Your Spending and Saving Plan" (Dec. 17, 2024) and "Credit Report and Scores" (Feb. 11, 2025).[4]  He also pursued structured health and wellness programming as well.  This includes multiple completions of the FCI Fort Dix Structured Exercise Yoga Program (Sept. 15, 2025; Nov. 17, 2025; Jan. 5, 2026; Mar. 9, 2026), completion of the Level Up (H.I.I.T) Program (Sept. 15, 2025), and completion of the Walking Program (May 24, 2026).[5]

Regarding educational and career-oriented programs, Mr. Santibanez Cardona enrolled in and completed several college-level courses through St. Francis College.[6]  Indeed, he even had faculty letters commending his written work, his critical thinking, and his engaged participation.[7]  In giving him the grade of an A, his sociology professor even praised his final paper for connecting his incarceration to broader sociological issues and for incorporating his cultural background in a thoughtful analysis.[8]  He also enrolled in the Petey Greene College Bridge Writing course in spring 2026.  His BOP Inmate Education Transcript reflects steady participation and the completion of various courses from 2024 through 2026.[9]  These different courses all have the goal of helping him live a productive life once freed from prison.[10]

Additionally, Mr. Santibanez Cardona's work performance and disciplinary history have continued to be stellar.  He has maintained steady employment and has received top-tier ratings for initiative, ability to work with others, and response to supervision.[11]  Moreover, his supervisor has indicated that as an employee, he would be recommended for promotion to a more demanding job at a higher pay rate.[12]  He has also provided consistent support to the Education

---

[2] *See* Exhibit A- Certificates of Completion at MDC and Fort Dix.

[3] *Id*.

[4] *Id*.

[5] *Id*.

[6] *Id*.

[7] *Id*.

[8] *Id*.

[9] *Id.*

[10] *Id*.

[11] *Id*.

[12] *Id*.

Department's ESL Program at FCI Fort Dix, earning Certificates of Appreciation signed by education staff.[13]

As the Court can see, this is continued evidence of who the real Juan Felipe Santibanez Cardona is and who he can be in the future. Indeed, his record now is consistent with the prior record at MDC whereby he had no infractions, maintained steady institutional employment, taught others (English/GED support), and intervened to stop the assault of a female correctional officer on January 5, 2024, for which MDC commended and financially rewarded him.[14]

## THE APPROPRIATE SENTENCE

As mentioned above, Mr. Santibanez Cardona respectfully requests that the Court sentence him to five years in prison. Such a sentence would be consistent with the police goals of 18 U.S.C. § 3553(a).

**1) The nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. § 3553 (a)(1)):**

   **a.  Nature and circumstances of the offense**

Mr. Santibanez Cardona accepted responsibility at an early-stage relative to co-defendants and pled to a lesser-included offense arising from addiction-driven conduct. His post-sentence record shows focused reform rather than any semblance of a recidivist propensity.

   **b. History and characteristics of the defendant:**

Mr. Santibanez Cardona endured a traumatic upbringing. This included physical abuse, an early exposure to narcotics use, and a subsequent long-term addiction.[15] However, the record shows that these early struggles have transformed into a history of insight, treatment engagement, and educational achievement reflected in college-level work and NR-DAP participation.

---

[13] *Id.*

[14] *See* ECF No. 105.

[15] As mentioned in my previous submission (ECF 105), I am in possession of Mr. Santibanez Cardona's Colombian medical records which document drug induced hospitalization. They are not attached herein due to privacy concerns, but I can provide them to the Court upon request.

**2) The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(A)-(C)):**

Mr. Santibanez Cardona's clean institutional disciplinary record, documented service to staff and peers, excellent job performance, and years of sobriety show specific deterrence is achieved and that he poses a low risk of future harm. Moreover, he has obtained and continues to seek substance-use treatment and psychosocial programming, financial literacy, and writing and academic training that directly support lawful reentry.

**3) The kind of sentences available (18 U.S.C. § 3553(a)(3):**

It is important to note that Mr. Santibanez Cardona is not a U.S. citizen. He was extradited to the United States for the purposes of this prosecution. As such, he is ineligible for many of the early-release opportunities that other inmates receive. Additionally, once he completes his sentence, there is a substantial likelihood that his incarceration will be increased while he awaits removal proceedings to conclude. Thus, I respectfully ask that the Court consider these factors when imposing a sentence because Mr. Santibanez Cardona will inevitably spend more time incarcerated than a similarly situated person who happens to be an American citizen.

## RE-ENTRY PLAN AND FORWARD-LOOKING FACTORS

Mr. Santibanez Cardona's transcript and certificates show marketable skills in sanitation services, business law exposure, English/Spanish tutoring, writing, and wellness routines that he has practiced consistently through mid-2026. With sustained treatment, family support, and vocational readiness, he is positioned to reintegrate safely and productively.

## **CONCLUSION**

Mr. Santibanez Cardona deeply regrets the decisions he has made in his life. Nonetheless, I ask that the Court impose a sentence that recognizes his demonstrated transformation and supports his continued rehabilitation.  Indeed, his conduct since incarceration shows a strong, corroborated record of rehabilitation.  When weighed alongside his acceptance of responsibility, difficult personal history, and the harsh conditions he has endured, a below-guidelines sentence that is sufficient but not greater than necessary is warranted.  I previously requested a 60-month sentence as appropriate to the goals of § 3553(a) in light of his background, addiction history, institutional record, and conditions of confinement.  If anything, Mr. Santibanez Cardona's record while within the BOP further supports the imposition of such a sentence.

Respectfully submitted,

/s/

_____

John P. Buza, Esq.

6